| |
|---|
| **8 W 37 LLC v O&C 1, LLC** |
| 2024 NY Slip Op 33936(U) |
| November 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653185/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH                    PART                          14

                                                 *Justice*

---------------------------------------------------------------------X

8 W 37 LLC,

                                                        INDEX NO.            653185/2022

                                  Plaintiff,            MOTION DATE          11/01/2024

                      - v -                             MOTION SEQ. NO.         002

O&C 1, LLC,OWEN MUIR, CARLENE MACMILLAN,
BROOKLYN MINDS PSYCHIATRY P.C.,MIND CENTERS II          **DECISION + ORDER ON**
LLC,MIND CENTERS, INC.,JACK WOLCOWITZ, AMANDA                **MOTION**
ITZKOFF, JOHN DOES

                                  Defendants.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73

were read on this motion to/for                    VACATE - AWARD                          .


Defendants' motion to vacate the note of issue is denied.

**Background**

In this commercial landlord tenant unpaid rent case, the parties have entered into numerous discovery orders over the last year. For instance, in August 2023, they agreed to a discovery schedule in which depositions were to be completed by December 30, 2023 (NYSCEF Doc. No. 36). The parties then entered into five additional discovery orders (NYSCEF Doc. Nos. 39, 42, 48, 50, and 52) each of which had a deadline to complete depositions. The most recent stipulation set a deadline of August 30, 2024 (NYSCEF Doc. No. 52). The Court observes that every one of these deadlines was so-ordered by this Court.

In the most recent discovery stipulation, the parties were directed to update the Court about the status of discovery by September 26, 2024 (*id*.). Plaintiff sent in a letter on the day of

**653185/2022  8 W 37 LLC vs. O&C 1, LLC ET AL**
**Motion No.  002**

Page 1 of 5

1 of 5

the deadline in which its counsel argued that defendants had made no effort to schedule depositions and it believed that depositions were now waived (NYSCEF Doc. No. 53). Plaintiff indicated that it thought there was no need for it to take defendants' deposition and wanted permission to file the note of issue.

Despite the Court's rules and the prior orders, the defendants had not uploaded their own status update to the Court by the deadline. Still, the Court waited to see if defendants had a response to plaintiff's letter, and, when defendants had not submitted anything by the next afternoon, the Court filed an order granting plaintiff permission to file a note of issue (NYSCEF Doc. No. 54). Plaintiff then filed a note of issue in compliance with this Court's order (NYSCEF Doc. No. 58).

Defendants now move to strike the note of issue. They complain that plaintiff waited until nearly then end of the day (4:42 p.m.) on September 26, 2024 to file the letter requesting that it be granted permission to file the note of issue. Defendants argue that they continually told plaintiff that they wanted to schedule depositions. They also complain that this Court issued the order directing plaintiff to file the note of issue "a mere four business hours after Plaintiff's letter was filed." Defendants argue that they had every intent of responding to plaintiff in a timely manner and eventually uploaded a response. They claim that plaintiff misrepresented the status of discovery.

In opposition, plaintiff emphasizes that it told defendants in July 2024 that it did not think any depositions were necessary. It observes that defendants did not agree and demanded that there be depositions. Plaintiff points out that the parties then entered into a discovery stipulation, so-ordered by this Court, on July 10, 2024 that set a deadline of August 30, 2024 for depositions (NYSCEF Doc. No. 52). Plaintiff insists that defendants made no effort to schedule depositions.

**653185/2022  8 W 37 LLC vs. O&C 1, LLC ET AL**
**Motion No. 002**

**Page 2 of 5**

It also observes that the Court's update deadline was September 26, 2024 and that it did nothing wrong by e-filing a letter on that day. Plaintiff emphasizes that defendants had ample time to respond and, in fact, missed the aforementioned deadline prior to uploading their untimely letter about discovery.

In reply, defendants contend that there is a Civil Court proceeding ongoing between the parties in which plaintiff allegedly locked out defendants. They contend that their motion to be returned to possession of the premises was denied in Civil Court and they are currently pursuing an appeal. Defendants contend that plaintiff's letter to the Court blatantly misrepresented critical information about the status of discovery. They insist the parties were actively discussing the deposition issue the day prior to the Court's deadline.

**Discussion**

The Court denies the motion. As an initial matter, the Court observes that defendants' failure to update the Court by the deadline is not dispositive.[1] The Court emphasizes that it took no action to *sua sponte* vacate its order directing the filing of a note of issue once the parties uploaded multiple letters concerning this order. A motion, which defendants have now filed, is the proper vehicle to seek vacatur where the parties offer differing substantive arguments.

The primary focus for the Court in this motion is the substance of the prior discovery orders. As noted above, there were *six separate* Court-ordered discovery stipulations that set deadlines for depositions. The parties agree that no such depositions have been held and, on this record, there is no evidence that any depositions were even scheduled. Apparently, plaintiff got

---

[1] Of course, defendants' complaint that the Court did not give them enough time respond to plaintiff's letter is curious, to say the least. The fact is that defendants did not upload anything prior to the Court's deadline and the Court waited until the afternoon the day *after the deadline* before uploading an order.

653185/2022  8 W 37 LLC vs. O&C 1, LLC ET AL
Motion No.  002

Page 3 of 5

tired of waiting around and insisted in July 2024 that it did not want to do depositions. However, plaintiff still agreed in a July 2024 discovery stipulation that depositions would be completed by August 30, 2024.

Plaintiff's position is that defendants did not take any steps to schedule depositions prior to the August 30, 2024 deadline. Defendants' papers in this motion wholly failed to address this issue. In fact, defendants upload an email from September 25, 2024 in which counsel for defendants claimed that "We have depositions we have not scheduled" (NYSCEF Doc. No. 62). In other words, this email confirms plaintiff's argument that defendants did nothing to schedule depositions prior to the Court's deadline. This email contains no details about when the depositions should be held. That leaves the Court with little choice but to find that defendants waived their right to take depositions in this case.

The history of discovery in this case shows that the parties kept pushing off doing depositions and ignoring Court-ordered deadlines to complete discovery. To be sure, the Court approved proposed stipulations extending deadlines because both parties agreed. The issue here is that plaintiff eventually declined, as was its right to do, to let this case drag on. Because the record on this motion shows that defendants did not do anything to schedule a deposition, the Court sees no basis to vacate the note of issue.

Defendants did not include anything, such as email communications in which defendants proposed dates and times for depositions, to show that any efforts were made to comply with the August 30, 2024 deadline (or any of the prior deadlines). Instead, the record shows that the day before the Court's deadline (long after the August 30 deadline had passed), defendants, once again, used the fact that they failed to pursue depositions as a way to delay this case. Defendants

**653185/2022  8 W 37 LLC vs. O&C 1, LLC ET AL**
**Motion No.  002**

**Page 4 of 5**

had ample opportunity to take depositions and simply failed to do so. They also did not cite any good cause for why they ignored the Court's deadlines.

The Court also rejects defendants' argument, raised for the first time in reply, that vacatur of the note of issue is warranted due to a proceeding pending in Civil Court.

Accordingly, it is hereby

ORDERED that defendants' motion to vacate the note of issue is denied.

| __11/4/2024__ | | | |
|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653185/2022  8 W 37 LLC vs. O&C 1, LLC ET AL**
**Motion No.  002**

Page 5 of 5

5 of 5